# EXHIBIT A

**STATE COURT ACTION PLEADINGS AND CASE DOCUMENTS**



# Bexar County

## District Clerk/County Clerk Search

# Full Case Information

# Case Summary

## Case Information for Cause #: 2014CI12517

**HOD ENTERPRISES LP ETAL vs PRIMO WATER CORPORATION ETAL**

| | |
|---|---|
| Cause No. : | 2014CI12517 |
| Name : | |
| Business Name : | PRIMO WATER CORPORATION |
| Litigant Type : | DEFENDANT |
| Date Filed : | 08/08/2014 |
| Docket Type : | OTHER CIVIL CASES |
| Case Status : | PENDING |
| Court : | 166 |

*Information as of: 09/04/2014 11:59:11 AM*

# Case History

*Currently viewing 1 through 6 of 6 records.*

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 8/8/2014 | PETITION |
| P00002 | 8/8/2014 | JURY DEMAND JURY FEE PAID |
| P00003 | 8/8/2014 | SERVICE ASSIGNED TO CLERK 1 |
| P00004 | 8/13/2014 | REQUEST FOR<br>(PAYING FOR COPIES) |
| S00001 | 8/13/2014 | CITATION<br>PRIMO WATER CORPORATION<br>ISSUED: 8/13/2014 RECEIVED: 8/19/2014<br>EXECUTED: 8/25/2014 RETURNED: 8/25/2014 |
| S00002 | 8/13/2014 | CITATION<br>DS WATERS OF AMERICA INC<br>ISSUED: 8/13/2014 RECEIVED: 8/19/2014<br>EXECUTED: 8/25/2014 RETURNED: 8/25/2014 |



**NCR NATIONAL CORPORATE RESEARCH, LTD.**
The Right Response at the Right Time, Every Time.

Dover, DE • Los Angeles • Sacramento • Springfield, IL • Albany • New York

615 South DuPont Highway, Dover, Delaware 19901
(302) 734-1450  Toll Free (866) 621-3524
Fax (800) 253-5177  Email: sop@nationalcorp.com

# Notice of Service of Process

SP350295
Page 1 of 1

**DATE:** September 3, 2014

**TO:** Diane Pitts
Primo Water Corporation
104 Cambridge Plaza Drive
Winston-Salem, NC 27104

**SENT VIA:**
☑ Email
☑ Federal Express
☐ Fascimile Transmission
☐ Other:
Tracking Number:
771027527031

**RE:** SERVICE OF PROCESS:
**PRIMO WATER CORPORATION**

---

The enclosed Service of Process was received by the statutory agent in: **Delaware**
on the date of: **September 3, 2014**
received via: **Certified Mail**

**TITLE OF ACTION:** Artesia Springs, LLC, et al. vs. DS Waters of America, Inc., and PRIMO WATER CORPORATION

**COURT AND CASE NO:** In the 166th Judicial District, In the District Court of Bexar County, Texas

Case No.  2014-CI-12517

Citation and Plantiffs' Original Petition and Application for Temporary and Permanent Injunction

**RESPONSE REQUIRED BY:** See Documents

**NOTE:**

Sincerely,

*Andrew A. Lundgren*

Andrew Lundgren, Manager - Registered Agent Services

---

Please carefully review the document referenced above to confirm all information, including the Response Date, for accuracy. The information noted above is provided based on our review and is not a legal opinion.
**PLEASE CONSULT THE SERVICES OF A COMPETENT PROFESSIONAL ATTORNEY.**

**CERTIFIED MAIL**

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



neopost
08/27/2014
US POSTAGE
FIRST-CLASS MAIL
$05.55⁰

ZIP 78701
041L11239171

7190 1046 4701 0036 1460

**Return Receipt (Electronic)**

2014243775-1

Primo Water Corporation
Registered Agent National Corporate Research Ltd
615 S. Dupont Highway
Dover, DE 19901



NAME _____
1ST NOTICE _____  SEP 02 2014
2ND NOTICE _____
RETURN _____

1990134517 C012

# The State of Texas



| | | |
|---|---|---|
| Service of Process<br>P.O. Box 12079<br>Austin, Texas 78711-2079 | | Phone: 512-463-5560<br>Fax: 512-463-0873<br>TTY (800) 735-2989<br>www.sos.state.tx.us |

## Secretary of State

August 26, 2014

Primo Water Corporation
Registered Agent National Corporate Research Ltd
615 S. Dupont Highway
Dover, DE 19901

> 2014-243775-1
> Include reference number in all correspondence

RE: HOD Enterprises LP et al VS Primo Water Corporation et al
166th Judicial District Court Of Bexar County, Texas
Cause No: 2014CI12517

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on August 25, 2014.

CERTIFIED MAIL #71901046470100361460

Refer correspondence to:

Allison T. Beckham
Crain, Caton & James, P.C.
1401 McKinney Street, 17th Floor
Houston, TX 77010

Sincerely,

*Helen Lupercio*
Helen Lupercio
Team Leader, Service of Process
CT/vo
Enclosure

OUT OF COUNTY                Case Number: 2014-CI-12517

2014CI12517 S00001

**HOD ENTERPRISES LP ETAL**
**VS.**
**PRIMO WATER CORPORATION ETAL**
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: **PRIMO WATER CORPORATION**

RECEIVED 14 AUG 25 AM 10:22 SECRETARY OF STATE AUSTIN, TEXAS

BY SERVING ITS REGISTERED AGENT, NATIONAL CORPORATE RESEARCH LTD.

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition *was filed on the* 8th day of August, 2014.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 13TH DAY OF AUGUST A.D., 2014.

PETITION

ALLISON T BECKHAM
ATTORNEY FOR PLAINTIFF
1401 MCKINNEY ST 1700
HOUSTON, TX 77010-4034



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Valerie Zapata*, Deputy

---

**OFFICER'S RETURN**

I received this citation on _____ at _____ o'clock ___M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____ o'clock ___M. at:_____ or ( ) **not executed** because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____
_____County, Texas

By:_____

OR:   VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

00243775

_____
Declarant                           ORIGINAL (DK002)

FILED
8/8/2014 1:37:06 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

2 O/C CITS P/U W/JD - SAC1

CAUSE NO. **2014CI12517**

| | | |
|---|---|---|
| ARTESIA SPRINGS, LLC, | : | IN THE DISTRICT COURT OF |
| HOD ENTERPRISES, L.P., and | : | |
| BBB WATER, INC. | : | |
| | : | |
| V. | : | BEXAR COUNTY, TEXAS |
| | : | |
| DS WATERS OF AMERICA, INC., and | : | **166TH** JUDICIAL DISTRICT |
| PRIMO WATER CORPORATION | : | |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

COME NOW HOD Enterprises, L.P., Artesia Springs, LLC, and BBB Water, Inc., ("Plaintiffs"), complaining of Primo Water Corporation ("Primo") and DS Waters of America, Inc. ("DSW") ("Defendants") and show the following:

### I.
### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct this action under Level 2 pursuant to TEX. R. CIV. P. 190.4.

### II.
### PARTIES

1.   Artesia Springs, LLC ("Artesia") is a Texas limited liability company having its principal place of business in San Antonio, Texas.

2.   HOD Enterprises, L.P. ("HOD"), is a Texas limited partnership having its principal place of business in Harris County, Texas.

3.   BBB Water, Inc. ("BBB Water") is a Texas corporation having its principal place of business in Forney, Texas.

4.   DS Waters of America, Inc. is a Delaware corporation authorized to do business in Texas and may be served with process through its registered agent, Corporation Service

036776/000001
115 - 1131332v2

Company dba CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Primo Water Corporation is a Delaware corporation having its principal place of business in Winston Salem, North Carolina. Primo has substantial and/or continuous and systematic contacts with the State of Texas, and its activities within the State of Texas caused the subject damages sustained by Plaintiffs. Primo is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by entering into contracts in Texas and/or by committing torts in Texas—each of which constitutes "doing business" in accordance with §§ 17.042 and 17.044(b) of the Texas Civil Practices & Remedies Code. Primo *is a non-resident* as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practices & Remedies Code, and has not designated or maintained a resident agent in the State of Texas. Accordingly, Primo may be served with process pursuant to the Texas Long-Arm Statute by sending copies and citation and this pleading through the Texas Secretary of State to be forwarded with process or notice to its Registered Agent, National Corporate Research, Ltd., 615 S. Dupont Highway, Dover, DE 19901.

### III.
### JURISDICTION

6. Plaintiffs seek non-monetary and monetary relief within the jurisdictional limits of the Court in excess of $1,000,000.

7. The Court has personal jurisdiction over the parties because they reside in or are engaged in business in Texas.

## IV.
## VENUE

8. Venue is proper in Bexar County, Texas, because all or a substantial part of the events or omissions giving rise to the claim occurred here and it is the principal place of business for Artesia.

## V.
## FACTUAL BACKGROUND

9. Artesia, HOD, and BBB Water are distributors of Primo products with exclusive distribution rights under their respective agreements with Primo. Primo is a supplier of multi-gallon bottled water, self-service refill water, and water dispensers sold through major retailers. DSW is a bottled water supplier and distributor who competes with Primo and Plaintiffs.

10. Plaintiffs' distribution agreements with Primo ("Agreements") have the following terms:

   (1) HOD: January 1, 2009 to January 1, 2019;

   (2) Artesia Springs: January 1, 2008 to January 1, 2018; and

   (3) BBB Water: August 1, 2012 to August 1, 2017.

11. Artesia, HOD, and BBB Water have abided by the terms of the Agreements and received positive reviews of their performance from Primo.

12. Unbeknownst to Artesia, HOD, and BBB Water, sometime in 2012 or 2013, Primo and DSW began negotiating what they called a "strategic alliance," a key component of which was to require Primo to prematurely terminate or breach its distribution agreements with distributors such as Artesia, HOD, and BBB Water. The ultimate goal of breaching the agreements and forcing out the distributors was to replace the distributors with Primo's new strategic partner, DSW.

13. After negotiating its strategic alliance with DSW, Primo began unreasonably lowering its payment to its distributors and it also began trumping up complaints and breaches in order to pressure its distributors out of their contracts with Primo.

14. After forcing out the majority of its distributors, Primo then replaced those distributors with DSW.

## VI.
## CAUSES OF ACTION

15. All previous paragraphs are incorporated.

### A. Breach of Contract against Primo

16. Primo by and through its respective subsidiaries, affiliates, and divisions, breached the Agreements by, among other things, failing to pay a commercially reasonable price as required by the Agreements, authorizing DSW to distribute in Plaintiffs' exclusive territory, and otherwise engaging in activity to circumvent the Agreements.

17. In the alternative to damages, Plaintiffs seek specific performance of the Agreements, which require Primo to pay a commercially reasonable price.

18. Plaintiffs have been damaged by this breach in an amount within the jurisdictional limits of this Court. Plaintiffs seek their actual, general, economic, special, consequential, direct, and indirect damages resulting from such breach.

19. Plaintiffs were forced to hire the undersigned counsel to prosecute these claims and hereby seek an award of their reasonable and necessary attorneys' fees under TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq*, if they prevail on their contract claims.

4

### B. Tortious Interference with Contract

20.     Plaintiffs and Primo had valid and binding contracts, and DSW tortiously interfered with the contracts by inducing and facilitating Primo's breach of its contracts with Plaintiffs. DSW's interference was a proximate cause of injury to Plaintiffs who have suffered damages within the jurisdictional limits of this Court.

### C. Fraud against Primo

21.     Primo made false and material misrepresentations of fact to Plaintiffs knowing that such misrepresentations were false or made recklessly without any knowledge of their truth. Primo intentionally and knowingly withheld information regarding these false and material misrepresentations of fact from Plaintiffs, despite having an affirmative duty to provide Plaintiff with such information. Primo's misrepresentations include, but are not limited to the following: (1) the price that constitutes a commercially reasonable price; (2) the existence of Plaintiffs' contractual rights; (3) Primo's standards of performance and Plaintiffs' performance according to those standards.  Primo made these material misrepresentations with the intent that Plaintiffs rely on them, and the misrepresentations caused Plaintiffs injury.

### D. Conspiracy

22.     Primo and DSW were members of a combination of two or more persons, the object of which was to accomplish an unlawful purpose or a lawful purpose by unlawful means. Namely, DSW conspired with Primo to tortiously interfere with Plaintiffs' contracts with Primo. Primo and DSW had a meeting of the minds on the object or course of action and committed overt acts to further the course of action.

23. Due to the actions of both Primo and DSW, Plaintiffs have suffered damages within the jurisdictional limits of this Court for which Primo and DSW are jointly and severely liable.

### E. Malice

24. Primo and DSW acted with the intent to cause substantial injury and economic stress to Plaintiffs and to drive them out of their distributorships. Primo and DSW acted maliciously and fraudulently against Plaintiffs in order to force Plaintiffs to give up their rights under the distribution agreements.

### F. Declaratory Judgment

25. Plaintiffs are entitled to and request a judgment, under Chapter 37 of the Texas *Civil Practice & Remedies Code*, declaring the rights and the responsibilities of Plaintiffs under the Agreements, including a declaration that the non-competition provisions within the Agreements are unenforceable.

## VII.
## CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## VIII.
## APPLICATION FOR TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

27. Plaintiffs incorporate by reference the above paragraphs.

28. ***Relief Sought:*** Plaintiffs seek an injunction ordering Primo to immediately comply with the following:

(1) Refrain from imposing the commercially unreasonable price decrease--$2.59 per bottle from $3 to $3.25 per bottle, which directly affects the purchase option in the Agreements;
(2) Refrain from imposing any additional price decreases during the course of this litigation;
(3) Refrain from bad faith attempts to terminate the contract to avoid the purchase options in the Agreements while reaping the benefits of its strategic alliance with DSW;
(4) Refrain from permitting DSW or any other distributor to sell in Plaintiffs' exclusive distribution areas—a violation of the Agreements;

29. Part of Primo's business plan and the success of the strategic alliance with DSW depend on Primo's ability to terminate its distribution contracts without having to pay the buyout price set out in the Agreements. In fact, Primo has successfully bullied the majority of its distributors into terminating their distribution agreements with Primo with the threat of bankrupting the distributors through implementing commercially unreasonable prices. On information and belief, some distributors have gone bankrupt as a result. Because Primo's proposed $2.59 per bottle price violates the Agreements and is designed to force Plaintiffs out of business, Primo should be enjoined from their attempts to squeeze Plaintiffs out of the business, specifically by prohibiting the above acts.

30. ***Probable Right of Recovery:*** It is probable that Plaintiffs will recover from Defendants after trial on the merits because the price Primo is paying cannot be commercially reasonable in that it cannot result in any profitability to the distributor and does not track, in any way, the price paid by the wholesale consumer.

31. ***Imminent Harm:*** If Plaintiffs' application is not granted, harm is imminent because Primo's goal is to force Plaintiffs out of business and thereby terminate the Agreements, and Primo has been successful with this strategy with the majority of its previous distributors. The price reduction Primo has implemented is a bad faith price, and if permitted, would force Plaintiffs to continue distributing Primo's product at a loss while this dispute is litigated,

potentially over the course of years. If Plaintiffs opted instead to terminate the contract with Primo, Plaintiffs' future business prospects would be unfairly limited by the inevitable litigation over the non-competition provisions in the Agreements. Additionally, Primo has changed its review process to unfairly rate Plaintiffs' performance as a pretext to terminating the Agreements. Primo has also falsely accused Plaintiffs of breaching the Agreements in an effort to harass Plaintiffs and encourage Plaintiffs to terminate the Agreements. These acts have already increased Plaintiffs' cost of doing business and there is no indication Primo intends to decrease these harassing efforts.

32.  *Irreparable Injury and No Adequate Remedy at Law for Damages:* Plaintiffs have no adequate remedy at law and the harm is irreparable because Plaintiffs have no viable option to stay in business—either Plaintiffs continue accepting a commercially unreasonable price from Primo for their distribution services or risk incurring damages for breach of the non-compete provision if they terminate the Agreements and distribute for another company. Additionally, if Primo is not enjoined from violating the Agreements by allowing DSW (or any other distributor) to distribute within Plaintiffs' exclusive distribution areas, Plaintiffs' ability to discover these breaches is limited and the resulting damages would be extremely difficult to quantify.

33.  *Bond:* Plaintiffs are willing to post bond.

34.  *Temporary and Permanent Injunction*: Plaintiffs ask the Court to set their application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Primo and, upon final trial of this matter, issue a permanent injunction against Primo ordering Primo to: (1) Refrain from imposing the commercially unreasonable price decrease--$2.59 per bottle from $3 to $3.25 per bottle, which directly affects the purchase option

in the Agreements; (2) Refrain from imposing any additional price decreases during the course of this litigation; (3) Refrain from bad faith attempts to terminate the contract to avoid the purchase options in the Agreements while reaping the benefits of its strategic alliance with DSW; and (4) Refrain from permitting DSW or any other distributor to sell in Plaintiffs' exclusive distribution areas—a violation of the Agreements.

## IX.
## JURY DEMAND

35.  Plaintiffs demand a jury trial and hereby tender the proper fee.

## X.
## REQUEST FOR DISCLOSURE

36.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose within 50 days of service of this petition, the information and materials described in Rule 194.2(a) thru (l).

## XI.
## PRAYER

37.  Accordingly, Plaintiffs pray that upon final trial of this case, Plaintiffs have judgment against Defendants for:

(1) Specific performance of their contracts under their initial terms if it is determined Plaintiffs have no adequate remedy at law;
(2) All actual, general, economic, special, consequential, direct, and indirect damages;
(3) Exemplary damages;
(4) Disgorgement of profits;
(5) Pre-judgment and post-judgment interest at the maximum rate allowed by law;
(6) Attorneys' fees;
(7) Costs of court; and
(8) All other relief to which Plaintiffs may show themselves justly entitled.

9

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: *Allison J. Beckham*
C. Vance Christopher
State Bar No. 04237800
vchristopher@craincaton.com
Allison T. Beckham
State Bar No. 24050271
abeckham@craincaton.com
1401 McKinney, Suite 1700
Houston, Texas 77010-4035
(713) 658-2323
(713) 658-1921 (Facsimile)

LAW OFFICE OF ANDREW G. RAMON, P.C.

By: *Andrew G. Ramon*
Andrew G. Ramon
State Bar No. 00789569
andrew@ramonlaw.com
3131 N.W. Loop 410, #100
San Antonio, Texas 78230
(210) 344-9800
(210) 344-5414 (Facsimile)

ATTORNEY FOR PLAINTIFFS

10

THE STATE OF TEXAS   §
                    §
COUNTY OF Bexar     §
                    §

BEFORE ME, the undersigned notary, on this day personally appeared the undersigned Affiant, who upon being duly sworn under oath, stated the following is true.

My name is John C. Cooke. I am over the age of 18, competent to testify, and have personal knowledge of all matters testified to herein. I am the authorized agent for HOD Enterprises, L.P. in this action and I have been duly authorized to make this verification on behalf of HOD Enterprises, L.P. I have read the above petition and application, and every statement contained in the petition and application relating to HOD Enterprises, L.P. is within my personal knowledge and is true and correct.

Further Affiant sayeth not.

_____
JOHN C. COOKE, on behalf of HOD Enterprises, L.P.

SUBSCRIBED AND SWORN TO BEFORE ME on this the __8__ day of August, 2014.


GWEN VINALL
Notary Public, State of Texas
My Commission Expires
February 26, 2017

_____
NOTARY PUBLIC, IN AND FOR THE STATE OF TEXAS

11

036776/000001
115 - 1131332v2

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned notary, on this day personally appeared the undersigned Affiant, who upon being duly sworn under oath, stated the following is true.

My name is Rudy Ramon. I am over the age of 18, competent to testify, and have personal knowledge of all matters testified to herein. I am the authorized agent for Artesia Springs, LLC in this action and I have been duly authorized to make this verification on behalf of Artesia Springs, LLC. I have read the above petition and application, and every statement contained in the petition and application relating to Artesia Springs, LLC is within my personal knowledge and is true and correct.

Further Affiant sayeth not.

_____
RUDY RAMON, on behalf of Artesia Springs, LLC

SUBSCRIBED AND SWORN TO BEFORE ME on this the 7 day of August, 2014.

STEVEN L. MICHAEL
Notary Public
STATE OF TEXAS
My Comm. Exp. 08/24/2018

_____
NOTARY PUBLIC, IN AND FOR THE STATE OF TEXAS

12

THE STATE OF TEXAS § 
§
COUNTY OF Randall §

BEFORE ME, the undersigned notary, on this day personally appeared the undersigned Affiant, who upon being duly sworn under oath, stated the following is true.

My name is Craig Brewton. I am over the age of 18, competent to testify, and have personal knowledge of all matters testified to herein. I am the authorized agent for BBB Water, Inc. in this action and I have been duly authorized to make this verification on behalf of BBB Water, Inc. I have read the above petition and application, and every statement contained in the petition and application relating to BBB Water, Inc. is within my personal knowledge and is true and correct.

Further Affiant sayeth not.

_____
CRAIG BREWTON, on behalf of BBB Water, Inc.

SUBSCRIBED AND SWORN TO BEFORE ME on this the 7 day of August, 2014.

[NOTARY SEAL: CHARISSA DAWN CLAVEL, My Commission Expires October 11, 2016]

_____
NOTARY PUBLIC, IN AND FOR THE STATE OF TEXAS

13

036776/000001
115 - 1131332v2